(720 ILCS 5/26-1) (from Ch. 38, par. 26-1)
Sec. 26-1. Disorderly conduct.
    (a) A person commits disorderly conduct when he or she knowingly:
        (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace;
        (2) Transmits or causes to be transmitted in any manner to the fire department of any city, town, village or fire protection district a false alarm of fire, knowing at the time of the transmission that there is no reasonable ground for believing that the fire exists;
        (3) Transmits or causes to be transmitted in any manner to another a false alarm to the effect that a bomb or other explosive of any nature or a container holding poison gas, a deadly biological or chemical contaminant, or radioactive substance is concealed in a place where its explosion or release would endanger human life, knowing at the time of the transmission that there is no reasonable ground for believing that the bomb, explosive or a container holding poison gas, a deadly biological or chemical contaminant, or radioactive substance is concealed in the place;
        (3.5) Transmits or causes to be transmitted in any manner a threat of destruction of a school building or school property, or a threat of violence, death, or bodily harm directed against persons at a school, school function, or school event, whether or not school is in session;
        (4) Transmits or causes to be transmitted in any manner to any peace officer, public officer or public employee a report to the effect that an offense will be committed, is being committed, or has been committed, knowing at the time of the transmission that there is no reasonable ground for believing that the offense will be committed, is being committed, or has been committed;
        (5) Transmits or causes to be transmitted in any manner a false report to any public safety agency without the reasonable grounds necessary to believe that transmitting the report is necessary for the safety and welfare of the public; or
        (6) Calls the number "911" or transmits or causes to be transmitted in any manner to a public safety agency for the purpose of making or transmitting a false alarm or complaint and reporting information when, at the time the call or transmission is made, the person knows there is no reasonable ground for making the call or transmission and further knows that the call or transmission could result in the emergency response of any public safety agency;
        (7) Transmits or causes to be transmitted in any manner a false report to the Department of Children and Family Services under Section 4 of the Abused and Neglected Child Reporting Act;
        (8) Transmits or causes to be transmitted in any manner a false report to the Department of Public Health under the Nursing Home Care Act, the Specialized Mental Health Rehabilitation Act of 2013, the ID/DD Community Care Act, or the MC/DD Act;
        (9) Transmits or causes to be transmitted in any manner to the police department or fire department of any

municipality or fire protection district, or any privately owned and operated ambulance service, a false request for an ambulance, emergency medical technician-ambulance or emergency medical technician-paramedic knowing at the time there is no reasonable ground for believing that the assistance is required;

 (10) Transmits or causes to be transmitted in any manner a false report under Article II of Public Act 83-1432;

 (11) Enters upon the property of another and for a lewd or unlawful purpose deliberately looks into a dwelling on the property through any window or other opening in it; or

 (12) While acting as a collection agency as defined in the Collection Agency Act or as an employee of the collection agency, and while attempting to collect an alleged debt, makes a telephone call to the alleged debtor which is designed to harass, annoy or intimidate the alleged debtor.

 (b) Sentence. A violation of subsection (a)(1) of this Section is a Class C misdemeanor. A violation of subsection (a)(5) or (a)(11) of this Section is a Class A misdemeanor. A violation of subsection (a)(8) or (a)(10) of this Section is a Class B misdemeanor. A violation of subsection (a)(2), (a)(3.5), (a)(4), (a)(6), (a)(7), or (a)(9) of this Section is a Class 4 felony. A violation of subsection (a)(3) of this Section is a Class 3 felony, for which a fine of not less than $3,000 and no more than $10,000 shall be assessed in addition to any other penalty imposed.

 A violation of subsection (a)(12) of this Section is a Business Offense and shall be punished by a fine not to exceed $3,000. A second or subsequent violation of subsection (a)(7) or (a)(5) of this Section is a Class 4 felony. A third or subsequent violation of subsection (a)(11) of this Section is a Class 4 felony.

 (c) In addition to any other sentence that may be imposed, a court shall order any person convicted of disorderly conduct to perform community service for not less than 30 and not more than 120 hours, if community service is available in the jurisdiction and is funded and approved by the county board of the county where the offense was committed. In addition, whenever any person is placed on supervision for an alleged offense under this Section, the supervision shall be conditioned upon the performance of the community service.

 This subsection does not apply when the court imposes a sentence of incarceration.

 (d) In addition to any other sentence that may be imposed, the court shall order any person convicted of disorderly conduct under paragraph (3) of subsection (a) involving a false alarm of a threat that a bomb or explosive device has been placed in a school that requires an emergency response to reimburse the unit of government that employs the emergency response officer or officers that were dispatched to the school for the cost of the response. If the court determines that the person convicted of disorderly conduct that requires an emergency response to a school is indigent, the provisions of this subsection (d) do not apply.

 (e) In addition to any other sentence that may be imposed, the court shall order any person convicted of disorderly conduct under paragraph (3.5) or (6) of subsection (a) to reimburse the public agency for the reasonable costs of the

```
          emergency response by the public agency up to $10,000. If the
          court determines that the person convicted of disorderly
          conduct under paragraph (3.5) or (6) of subsection (a) is
          indigent, the provisions of this subsection (e) do not apply.
              (f) For the purposes of this Section, "emergency response"
          means any condition that results in, or could result in, the
          response of a public official in an authorized emergency
          vehicle, any condition that jeopardizes or could jeopardize
          public safety and results in, or could result in, the
          evacuation of any area, building, structure, vehicle, or of
          any other place that any person may enter, or any incident
          requiring a response by a police officer, a firefighter, a
          State Fire Marshal employee, or an ambulance.
          (Source: P.A. 101-238, eff. 1-1-20.)
```