# Ill. Sup. Ct. R. 315

Rule 315 - Leave to Appeal From the Appellate Court to the Supreme Court

**(a) Petition for Leave to Appeal; Grounds.** Except as provided below for appeals from the Illinois Workers' Compensation Commission division of the Appellate Court, a petition for leave to appeal to the Supreme Court from the Appellate Court may be filed by any party, including the State, in any case not appealable from the Appellate Court as a matter of right. Whether such a petition will be granted is a matter of sound judicial discretion. The following, while neither controlling nor fully measuring the court's discretion, indicate the character of reasons which will be considered: the general importance of the question presented; the existence of a conflict between the decision sought to be reviewed and a decision of the Supreme Court, or of another division of the Appellate Court; the need for the exercise of the Supreme Court's supervisory authority; and the final or interlocutory character of the judgment sought to be reviewed.

No petition for leave to appeal from a judgment of the five-judge panel of the Appellate Court designated to hear and decide cases involving review of Illinois Workers' Compensation Commission orders shall be filed, unless two or more judges of that panel join in a statement that the case in question involves a substantial question which warrants consideration by the Supreme Court. A motion asking that such a statement be filed may be filed as a prayer for alternative relief in a petition for rehearing, but must, in any event, be filed within the time allowed for filing a petition for rehearing.

**(b)Time.**

**(1)** Published Decisions. Unless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 35 days after the entry of such judgment. If a timely petition for rehearing is filed, the party seeking review must file the petition for leave to appeal within 35 days after the entry of the order denying the petition for rehearing or, if a modified decision is issued upon denial of rehearing, from the entry of the modified decision. If a petition is granted, the petition for leave to appeal must be filed within 35 days of the entry of the judgment on rehearing. The Supreme Court, or a judge thereof, on motion, may extend the time for petitioning for leave to appeal, but such motions are not favored and will be allowed only in the most extreme and compelling circumstances. The filing of a corrected opinion by the Appellate Court where no petition for rehearing was filed does not extend the time for a party to file a petition for leave to appeal.

**(2)** Rule 23 Orders. The time for filing a petition for leave to appeal a Rule 23 order shall be the same as for published opinions unless a timely motion to publish has been filed in the Appellate Court pursuant to Rule 23(f). If the Appellate Court grants the motion to publish, the party seeking review must file the petition for leave to appeal within 35 days after the filing of the opinion. If the Appellate Court denies the motion to publish, the party seeking review must file the petition for leave to appeal within 35 days after entry of the order denying the motion to publish. The filing of a Rule 23(f) publication motion shall not invalidate a previously filed petition for leave to appeal. The clerk of the



SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM

Appellate Court shall promptly transmit notice of the filing of a Rule 23(f) publication motion and its disposition to the clerk of the Supreme Court in any case in which a petition for leave to appeal is filed, irrespective of whether the motion to publish precedes or follows the filing of a petition for leave to appeal.

**(c)Contents.** The petition for leave to appeal shall contain, in the following order:
**(1)** a prayer for leave to appeal;

**(2)** a statement of the date upon which the judgment was entered; whether a petition for rehearing was filed and, if so, the date of the denial of the petition or the date of the judgment on rehearing;

**(3)** a statement of the points relied upon in asking the Supreme Court to review the judgment of the Appellate Court;

**(4)** a fair and accurate statement of the facts, which shall contain the facts necessary to an understanding of the case, without argument or comment, with appropriate references to the pages of the record on appeal, in the format as set forth in the Standards and Requirements for Electronic Filing the Record on Appeal.

**(5)** a short argument (including appropriate authorities) stating why review by the Supreme Court is warranted and why the decision of the Appellate Court should be reversed or modified; and

**(6)** an appendix which shall include the opinion or order of the Appellate Court and any documents from the record which are deemed necessary to the consideration of the petition.

**(d) Format; Service; Filing.** The petition shall otherwise be prepared, served, and filed in accordance with the requirements for briefs as set forth in Rules 341 through 343, except that it shall be limited to 20 pages or, alternatively, 6,000 words, excluding any items identified as excluded from the length limitation in Rule 34 1(b)(1).
**(e) Records.** The clerk of the Supreme Court shall transmit notice of the filing of the petition to the clerk of the Appellate Court, who, upon request of the clerk of the Supreme Court made either before or after the petition is acted upon, shall transmit to the clerk of the Supreme Court the record on appeal that was filed in the Appellate Court and the certified Appellate Court record.
**(f)Answer.** The respondent need not but may file an answer, with proof of service, within 21 days after the expiration of the time for the filing of the petition, or within such further time as the Supreme Court or a judge thereof may grant. An answer shall set forth reasons why the petition should not be granted, and shall conform, to the extent appropriate, to the form specified in this rule for the petition, omitting the items (1), (2), (3), (4) and (6) set fo1ih in paragraph (c) except to the extent that correction of the petition is considered necessary. The answer shall be prepared, served, and filed in accordance with the requirements for briefs except that it shall be limited to 20 pages or, alternatively, 6,000 words, excluding any items identified as excluded from the length limitation in Rule 341(b)(1). No reply to the answer shall be filed. If the respondent does not file an answer or



SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM

otherwise appear but wants notice of the disposition of the petition for leave to appeal, a request for such notice should be submitted to the clerk in Springfield.

**(g) Transmittal of Trial Court Record if Petition Is Granted.** If the petition is granted, upon notice from the clerk of the Supreme Court the clerk of the Appellate Court shall transmit to the Supreme Court the record on appeal that was filed in the Appellate Court and the Appellate Court record, unless already filed in the Supreme Court.

**(h)Briefs Other Than in Child Custody and Delinquent Minor, and Pretrial Release Cases.** If leave to appeal is allowed, the appellant may allow his or her petition for leave to appeal to stand as the brief of appellant, or may file a brief. Within 14 days after the date on which leave to appeal was allowed, appellant shall serve on all counsel of record a notice of election to allow the petition for leave to appeal to stand as the brief of appellant, or to file an additional brief, and within the same time shall file the notice with the clerk of the Supreme Court. If appellant elects to allow the petition for leave to appeal to stand as his or her brief, appellant shall file with the notice a complete table of contents, with page references, of the record on appeal and a statement of the applicable standard of review for each issue, with citation to authority, in accordance with Rule 341(h)(3). If appellant elects to file an additional brief, it shall be filed within 35 days from the date on which leave to appeal was allowed. Motions to extend the time for filing an additional brief are not favored and will be allowed only in the most extreme and compelling circumstances.
The appellee may allow his or her answer to the petition for leave to appeal to stand as the brief of appellee, or may file a brief. If the appellant has elected to allow the petition for leave to appeal to stand as the brief of appellant, within 14 days after the due date of appellant's notice the appellee shall serve on all counsel of record a notice of election to let the answer stand as the brief of appellee, or to file a brief, and within the same time shall file the notice with the clerk of the Supreme Court. If the appellee elects to file a brief, such brief shall be filed within 35 days of the due date of appellant's notice of election to let the petition for leave to appeal stand as the brief of appellant.

If the appellant has elected to file an additional brief, within 14 days after the due date of appellant's brief the appellee shall serve on all counsel of record a notice of election to let his or her answer stand as the brief of appellee, or to file an additional brief, and within the same time shall file a copy of the notice with the clerk of the Supreme Court. If appellee elects to file an additional brief it shall be filed within 35 days of the due date of appellant's brief.

If an appellee files a brief and that brief does not contain arguments in support of cross-relief, the appellant may file a reply brief within 14 days of the due date of appellee' s brief. If the brief of appellee contains arguments in support of cross-relief, the appellant may file a combined reply brief and response to the appellee's request for cross-relief within 35 days of the due date of appellee's brief, and the appellee may file a reply brief confined strictly to the appellant's arguments in opposition to the appellee's request for cross-relief within 14 days of the due date of appellant's combined brief. If the brief of the appellee contains arguments in support of cross-relief, the cover of the appellee' s brief shall be captioned: "Brief of Appellee. Cross-Relief Requested," the cover of the appellant's combined reply brief and response to the appellee's request for cross-relief shall be captioned "Appellant's



3

SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM

Reply Brief and Response to Request for Cross-Relief," and the cover of the appellee's reply in support of its request for cross-relief shall be captioned "Appellee's Reply in Support of Request for Cross-Relief."

Briefs, pleadings and other documents filed with the Supreme Court in cases covered by this rule shall, to the extent appropriate, conform to Rules 341 through 343. If the brief of appellee contains arguments in support of cross-relief, then the length limitations for cross-appeals in Rule 341(b)(1) shall apply to the briefing in the case.

In cases involving more than one appellant or appellee, including cases consolidated for purposes of the appeal, any number of either may join in a single brief, and any appellant or appellee may adopt by reference any part of the brief of another. Parties may similarly join in reply briefs.

**(i) Child custody cases.**
**(1)** Special caption. A petition for leave to appeal in a child custody or allocation of parental responsibilities or relocation of emancipated minors case, as defined in Rule 311, and any notice, motion, or pleading related thereto, shall include the following statement in bold type on the top of the front page:**THIS APPEAL INVOLVES A MATTER SUBJECT TO EXPEDITED DISPOSITION UNDER RULE 311(a).**

**(2)** Briefs. The requirements of paragraph (h) above shall apply in all respects, except:
**(a)** the appellant's notice of election shall be due within 7 days after the date on which the leave to appeal was allowed;

**(b)** if the appellant elects to file an additional brief, it shall be filed within 21 days from the date on which leave to appeal was allowed;

**(c)** if the appellant has elected to allow the petition for leave to appeal to stand as the brief of the appellant, the appellee's notice of election is due within 7 days of the due date of appellant's notice of election, or if the appellant has elected to file an additional brief, the appellee's notice of election is due within 7 days after the due date of appellant's brief;

**(d)** if the appellee elects to file an additional brief, it shall be filed within 21 days of the due date of appellant's notice of election to let the petition for leave to appeal stand as the brief of the appellant, or if the appellant elected to file an additional brief, the appellee's additional brief shall be filed within 21 days of the due date of appellant's brief;

**(e)** if the appellee has elected to file an additional brief, the appellant's reply brief shall be due within 7 days of the due date of the appellee's brief; and

**(f)** if cross-relief was requested, appellee's reply brief shall be due within 7 days of the due date of the appellant's reply brief.

**(3)** Extensions of Time Disfavored. Requests for extensions of time are disfavored and shall be granted only for compelling circumstances.

**(j) Delinquent minor cases.**

**(1)** Special Caption. A petition for leave to appeal in a delinquent minor case, as provided for in Rule 660A, and any notice, motion, or pleadings related thereto, shall include the following statement in bold type on the top of the front page: **THIS APPEAL INVOLVES A DELINQUENT MINOR PROCEEDING UNDER THE JUVENILE COURT ACT.**

**(2)** Briefs. The requirements of paragraph (h) above shall apply in all respects, except:
**(a)** the appellant's notice of election shall be due within 7 days after the date on which the leave to appeal was allowed;

**(b)** if the appellant elects to file an additional brief, it shall be filed within 28 days from the date on which leave to appeal was allowed;

**(c)** if the appellant has elected to allow the petition for leave to appeal to stand as the brief of the appellant, the appellee's notice of election is due within 7 days of the due date of the appellant's notice of election, or if the appellant has elected to file an additional brief, the appellee's notice of election is due within 7 days after the due date of the appellant's brief;

**(d)** if the appellee elects to file an additional brief, it shall be filed within 28 days of the due date of the appellant's notice of election to let the petition for leave to appeal stand as brief of appellant, or if the appellant elected to file an additional brief, the appellee's additional brief shall be filed within 28 days of the due date of the appellant's brief;

**(e)** if the appellee has elected to file an additional brief, the appellant's reply brief shall be due within 7 days of the due date of the appellee's brief; and

**(f)** if cross-relief was requested, the appellee's reply brief shall be due within 7 days of the due date of the appellant's reply brief.

**(3)** Extensions of Time Disfavored. Requests for extensions of time are disfavored and shall be granted only for compelling circumstances.

**(k)** Pretrial release cases.
**(1)** Special caption. A petition for leave to appeal in a pretrial release case under article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-1 et seq.), and any notice, motion, or pleading related thereto, shall include the following statement in bold type on the top of the front page: **THIS APPEAL INVOLVES A MATTER SUBJECT TO EXPEDITED DISPOSITION UNDER RULE 604(h).**

**(2)** Briefs. The requirements of paragraph (h) above shall apply in all respects, except:
**(a)** the appellant's notice of election shall be due within 7 days after the date on which the leave to appeal was allowed;

**(b)** if the appellant elects to file an additional brief, it shall be filed within 21 days from the date on which leave to appeal was allowed;

SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM

**(c)** if the appellant has elected to allow the petition for leave to appeal to stand as the brief of the appellant, the appellee's notice of election is due within 7 days of the due date of appellant's notice of election, or if the appellant has elected to file an additional brief, the appellee's notice of election is due within 7 days after the due date of appellant's brief;

**(d)** if the appellee elects to file an additional brief, it shall be filed within 21 days of the due date of appellant's notice of election to let the petition for leave to appeal stand as the brief of the appellant, or if the appellant elected to file an additional brief, the appellee's additional brief shall be filed within 21 days of the due date of appellant's brief;

**(e)** if the appellee has elected to file an additional brief, the appellant's reply brief shall be due within 7 days of the due date of the appellee's brief; and

**(f)** if cross-relief was requested, appellee's reply brief shall be due within 7 days of the due date of the appellant's reply brief.

**(3)** Extensions of Time Disfavored. Requests for extensions of time are disfavored and shall be granted only for compelling circumstances.

**(l) Oral Argument.** Oral argument may be requested as provided in Rule 352(a).

*Ill. Sup. Ct. R. 315*

Amended effective 11/30/1972; amended effective 9/1/1974; amended October 1, 1976, effective 11/15/1976; amended September 29, 1978, effective 11/1/1978; amended July 30, 1979, effective 10/15/1979; amended February 19, 1982, effective 4/1/1982; amended May 28, 1982, effective 7/1/1982; amended 2/1/1984, effective 2/1/1984, with Justice Moran dissenting see Yellow Cab Co. v. Jones 1985, 108 Ill. 2d 330, 342; amended April 27, 1984, effective 7/1/1984; amended February 21, 1986, effective 8/1/1986; amended February 27, 1987, effective 4/1/1987; amended April 7, 1993, effective 6/1/1993; amended December 17, 1993, effective 2/1/1994; amended September 23, 1996, effective immediately; amended September 22, 1997, effective 10/1/1997; amended March 19, 2003, effective 5/1/2003; amended December 5, 2003, effective immediately; amended October 15, 2004, effective 1/1/2005; amended February 10, 2006, effective 7/1/2006; amended May 24, 2006, effective 9/1/2006; amended August 15, 2006, effective immediately; amended October 2, 2006, effective immediately; amended September 25, 2007, effective 10/15/2007; amended February 26, 2010, effective immediately; amended March 15, 2013, eff. 5/1/2013; amended May 23, 2013, eff. 7/1/2013; amended Dec. 11, 2014, eff. 1/1/2015; amended March 15, 2016, eff. immediately; amended June 22, 2017, eff. 7/1/2017; amended June 28, 2017, eff. 7/1/2017; amended September 15, 2017, eff. 11/1/2017; amended March 21, 2018, effective 4/1/2018; amended April 3, 2018, eff. 7/1/2018; amended Sept. 26, 2019, eff. 10/1/2019; amended September 30, 2020, eff. 10/1/2020; amended Sept. 29, 2021, eff. 10/1/2021; amended Dec. 7, 2023, eff. 12/7/2023 immediately.

*Committee Comments (February 10, 2006)*



SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM

*Paragraph (b) is amended to dispense with the requirement of filing an affidavit of intent to file a petition for leave to appeal or a certificate of intent to file a petition for leave to appeal. This amendment is consistent with the public policy of this state as evinced by the Code of Civil Procedure, which favors resolution on the merits: "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties."735 ILCS 5/1-106.*

*The amendment also addresses the concerns addressed in A.J. Maggio Co. v. Willis, 197 Ill. 2d 397 (2001), Roth v. Illinois Farmers Insurance Co., 202 Ill. 2d 490 (2002), and Wauconda Fire Prevention District v. Stonewall Orchards, LLP, 214 Ill. 2d 417 (2005), all of which dealt with the rather unclear requirements of Rule 315, which had been amended in 1993 to require the filing of an affidavit of intent within 21 days in order to have 35 days in which to file a petition for leave to appeal.*

*Paragraph (b) is further amended to separate the provision on the time for filing a petition for leave to appeal, which remains in paragraph (b), from the provision on the content of the petition, which becomes a new paragraph (c). The subsequent paragraphs are relettered accordingly.*

*Paragraph (b) is also amended to allow a party that may not have sought Supreme Court review of an adverse disposition under Rule 23(b) or (c) the opportunity to seek review of that disposition after the Appellate Court grants a motion to publish it.*



SUBMITTED - 27032161 - MELLODY WILLIAMS-HUNTLEY, PRO SE - 3/28/2024 3:25 PM