IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

**MELLODY ESTELLA MARIA
WILLIAMS-HUNTLEY,**

      **Plaintiff,**

      v.

**ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY, et al.,**

      **Defendants.**

Case No.:  2022CH11747

Calendar 1

## ORDER

    Mellody Estella Maria Williams-Huntley appeals a Board of Review decision affirming a Referee's dismissal of a late-filed appeal from a Claims Adjudicator's Determination finding her ineligible for unemployment benefits.

    The record reflects that the Determination was mailed to plaintiff on December 17, 2019. Pursuant to Section 800 of the Unemployment Insurance Act (820 ILCS 405/800), any appeal was due to be filed no later than January 16, 2020. The appeal was not filed with IDES until January 29, 2022.

    Agencies have no inherent or common-law power. They are, instead, creatures of statute that have only the power that the legislature has given them. *Mercury Sightseeing Boats, Inc. v. County of Cook*, 2019 IL App (1st) 180439, ¶ 55. When "'an agency acts outside its statutory authority,' " it is said that the agency "'acts without jurisdiction.'" *Id*. (quoting *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243 (1989)).

    Under the Unemployment Insurance Act, a Claims Adjudicator's Determination finding a claimant ineligible for unemployment benefits becomes final unless, "within 30 calendar days after such notification was mailed to his last known address [the claimant] files an appeal therefrom . . ." 820 ILCS 405/800. The 30-day deadline is a mandatory provision that acts as a statute of limitations. *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517 (1981).

    Courts of review have been clear that statutory filing deadline must be strictly complied with and that those deadlines are calculated from the date of service – which, under the law, is the date of mailing of the decision to the last known address of the party entitled to receive it. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010) ("the statute

does not confer additional authority on the Board to entertain appeals beyond the 30 days after a decision has been mailed").

Here, because the appeal was filed beyond the 30-day deadline, the court is compelled to concur with the Board of Review that that the Referee was legally correct in dismissing the appeal due to the absence of statutory authority to review its merits.

**IT IS THEREFORE ORDERED:**

That the Board of Review's Decision is AFFIRMED;

That this order is final and appealable.

**Judge Daniel P. Duffy**

**MAY 23 2023**

Hon. Daniel P. Duffy
Circuit Court of Cook County
Law Division -
Tax and Miscellaneous Section
50 West Washington, Room 2505
Chicago, Illinois 60602

Enter:_____

**Circuit Court - 2103**

_____
Judge          Judge's No.